UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSEPH WIESEL,

                        Plaintiff,

            -against-

APPLE INC.,

                        Defendant.
-------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

19-CV-7261 (JMA) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff, Dr. Joseph Wiesel, brought this patent infringement action against Defendant, Apple Inc. ("Apple"), alleging that Apple infringed on the '514 Patent, entitled "Method of and apparatus for detecting atrial fibrillation." Before the Court is Apple's latest application for a stay of the proceedings pending a decision from the Untied States Patent and Trademark Office ("PTO") on Apple's request for *ex parte* reexamination of the '514 patent. (DE 49.)

### I.    BACKGROUND

      Apple previously moved for a stay of the proceedings pending the PTO's decision on Apple's requested *inter partes* review of the '514 patent. (DE 34.). This Court granted that stay on March 18, 2021. (DE 35.) Upon completion of the *inter partes* review and denial of Apple's request on rehearing of the decision, Plaintiff moved to lift that stay on August 13, 2021. (DE 42.) On August 24, 2021, this Court granted Plaintiff's motion to lift the stay. (DE 45.) On September 7, 2021, Apple filed a request for an *ex parte* reexamination with the PTO. (DE 49-3.) The very next day, September 8, 2021, Apple served another motion to stay discovery pending the *ex parte* reexamination. (DE 46.) The motion was fully submitted on October 15,

1

2021. (DE 49.) While that motion was pending, on October 12, 2021, the PTO granted Apple's request for reexam. (De 51-1.) For the reasons set forth in further detail below, Apple's motion for this latest stay is granted.

The Court assumes the parties' familiarity with the underlying facts and the procedural history of the case, as more specifically set forth in this Court's November 5, 2020 Order on Apple's prior motion to stay.

## II. STANDARD

The procedure for requests for reexamination of a patent are governed by 35 U.S.C. § 302 (2012). "Reexamination pursuant to § 302 was designed to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *Lederer v. Avotec, Inc.*, CV 16-966 (KAM) (AKT), 2017 WL 11113809, at *2 (E.D.N.Y. Aug. 15, 2017) (internal quotations and citations omitted). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).

> Parties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation. Yet, in cases . . . which have not progressed beyond the initial litigation stages and in which the plaintiff has an adequate legal remedy, the reexamination procedure should be utilized.

*Snyder Seed Corp. v. Scrypton Systems, Inc.*, No. 98-CV-87S(H), 1999 WL 605701, at *2 (W.D.N.Y. June 11, 1999) (quoting *Digital Magnetic Systems, Inc., v. Ansley*, No. CIV-81-1190-T, 1982 WL 52160, at *1 (W.D. Okla. 1982).

Courts generally consider three factors in analyzing whether a stay is warranted and appropriate pending the completion of review proceedings before the PTO: "(1) whether a stay

will simplify the issues in question and trial of the case; (2) the state of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *CDX Diagnostics, Inc., v. U.S. Endoscopy Group, Inc.*, No. 13-cv-05669 (NSR), 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014) (internal quotation and citations omitted). In evaluating the prejudice prong, four sub-factors should be taken into account, namely, "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 (DEP), 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014) (quotation and citation omitted). However, these factors are not exclusive as Courts consider the totality of the circumstances. *Rovi Guides, Inc. v. Comcast Corp.*, 16-CV-9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017).

It is against this backdrop, that the Court considers Apple's latest application.

### III. DISCUSSION

#### A. Simplification of the Issues

"One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). If the PTO cancels a claim, the patentee loses any cause of action based on that claim in pending litigation. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Courts benefit from the PTO's record because of its expertise in evaluating prior art and assessing patent validity. *Tour Tech. Sys., LLC v. Ice Portal, Inc.*, 11-CV-03912, 2012 WL 13098725, at *3 (E.D.N.Y. Oct. 22, 2012).

Apple argues that if the PTO cancels any of the asserted claims, any other defenses Apple raised in its invalidity contentions become moot as to those claims. (DE 49-8 at 2-3.) Dr.

Wiesel argues that it is premature to decide whether reexam will simplify the issues in the case because the PTO did not yet grant the review. (DE 50 at 11.) However, as noted above, after the motion was fully briefed and filed, the PTO *did* grant the request for review (DE 51-1) and this argument is therefore immaterial. Dr. Wiesel further argues that Apple's invalidity contentions are significantly larger than the scope of its invalidity theories before the PTO on the reexamination. (DE 50 at 9.) Specifically, Dr. Wiesel argues that Apple asserted multiple other invalidity theories in this litigation under 35 U.S.C. §§ 101, 102, 103, 112(1), and 112(2), which the PTO is not addressing. (*Id.*)

As Apple correctly points out, Dr. Wiesel relies on precedent that predates the Federal Circuit holding in *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). "[T]he language and legislative history of the reexamination statute show that Congress expected reexamination to take place concurrent with litigation, and that cancellation of claims during reexamination would be binding in concurrent infringement litigation." *Id.* at 1339 (footnote and citations omitted). Thus, if the PTO finds the original claim is cancelled or amended to cure invalidity, the patentee's suit fails because the cause of action is extinguished. *Id.* Moreover, "the standard the Court considers is whether review will simplify questions and streamline a potential trial. By its very nature, the standard contemplates that issues will remain after [PTO] review." *RGIS, LLC v. WIS Int'l*, No. 14-cv-10207, 2014 WL 12663203, at *2 (E.D. Mich. Nov. 18, 2014). Additionally, Apple's argument that simplification is likely since this case only involves a single patent, is persuasive. *See Lederer*, 2017 WL 11113809, at *11 (staying case during reexam proceeding "is particularly apt in light of the fact that [plaintiff's] Complaint alleges a single claim of patent infringement and that all claims of the [patent] are being reexamined") (citation omitted).

The cases that Dr. Wiesel relies upon are distinguishable. *See Saint Lawrence Commc'ns LLC v. ZTE Corp.*, NO. 2:15-CV-349-JRG, 2:15-CV-351-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 14, 2014) (finding that a stay was disfavored because the scope of the issues in the litigation *substantially* exceeded the scope of the issues on review – the PTO only instituted review of one out of five asserted patents); *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, NO. 6:12cv224 JDL, 6:12cv223 LED-JDL, 6:12cv225 LED-JDL, 6:12cv221 LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) (finding that PTO's scope of review was narrow where only 6 out of 40 references were granted review); *Intell. Ventures II LLC v. FedEx Corp.*, NO. 2:16-CV-00980-JRG, 2017 WL 4812434, at *1 (E.D. Tex. Oct. 24, 2017) (finding a stay would do little to simplify issues because PTO declined to institute a majority of the asserted claims).

Dr. Wiesel's arguments as to the likelihood of Apple's success on reexam are not properly before the Court and are therefore not considered. *See VirtualAgility Inc., v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014) (finding that Congress did not intend district courts to hold mini-trials to review the PTO's decision on covered business method review ("CBM") proceedings and that "to do so would overwhelm and dramatically expand the nature of the stay determination). Accordingly, the potential for simplifying the issues in this case as a result of the *ex parte* reexam procedure weighs in favor of granting a stay.

### B.  Case Status

In analyzing the case status factor, Courts look at what stage of litigation the case is in, based on the date of the filing of the stay motion. *See VirtualAgility Inc.*, 759 F.3d, at 1316. "The earlier the stage of the proceedings, the greater the reason to grant a stay." *SurfCast, Inc. v, Microsoft Corp.*, No. 2:12-cv-333-JDL, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014).

5

Apple argues that this case is in its earliest stages as Apple has not answered or filed any counterclaims yet, and the parties have only completed Rule 26(a)(1) initial disclosures and Local Patent Rule 6 and 7 disclosures. (DE 49-1 at 10.) Apple asserts that since the PTO may declare the '514 patent invalid, staying the case will preserve valuable resources. *Id*. at 10-11. Dr. Wiesel argues that the parties litigated the case for over nine months before Apple's prior motion to stay was granted, and expended considerable efforts to date, such as detailed infringement and invalidity contentions with hundreds of pages of claim charts. (DE 50 at 11.)

Indeed, this case is in its early stages, as the Court has not yet set a trial date, limited discovery has been exchanged, and the claim construction process has not yet begun. This factor therefore weighs in favor of a stay. *See CDX Diagnostics, Inc.,* 2014 WL 2854656, at *4 (finding "action is in the very early stages of its lifespan. Little to no discovery has taken place.") (footnote omitted). The Court agrees with Apple that *SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012), upon which Plaintiff relies upon, is distinguishable. In *SoftView*, the Court reasoned that even though the case was at its early stages, the parties had devoted substantial time and resources due to scheduling and resolution of discovery disputes, motions to sever, stay, and dismiss. *Id*. at *4. Thus, this factor also weighs in favor of a stay.

### C. Undue Prejudice

"[Me]ere delay in the litigation does not establish undue prejudice." *Rensselaer Polytechnic Inst.*, 2014 WL 201965, at *4 (internal quotation and citation omitted). The four sub-factors that courts consider to determine whether a party will suffer undue prejudice or a clear tactical disadvantage, weigh in favor of granting the stay.

6

### i. Timing of the Request and Timing of Request for a Stay

Apple argues that the timing of filing the reexam petition was swift and that Apple is aiming to efficiently resolve this case through the procedures at the PTO that Congress implemented for streamlining such a process. (DE 49-1 at 8.) Apple was served in this action on January 2, 2020. (DE 6.) Apple filed its petition for *inter partes* review with the PTO on September 10, 2020. (DE 33.) On March 16, 2021, the PTO issued its decision denying *inter partes* review. (DE 37.) Apple then filed a rehearing request, which was denied on August 12, 2021. (DE 42-2.) Apple then filed its petition for *ex parte* reexam on September 7, 2021 and served the instant motion to stay the next day, September 8, 2021. (DE 49-3; DE 46.) Apple points out that Mr. Wiesel waited over a year from when he first contacted Apple about the '514 patent to file this infringement suit. (DE 49-1 at 2.) Without citing any authority, Mr. Wiesel argues that Apple is filing serial petitions with PTO, which amounts to dilatory delay tactics. (DE 50 at 12.) Plaintiff claims that Apple should have petitioned the PTO for *inter partes* review or reexam four years ago when he served Apple with a "notice letter." (*Id*.)

As Apple asserts, "The America Invents Act as implemented by the USPTO permits 'multiple serial patent challenges before the [US]PTO' regardless of whether this Court grants or denies Apple's requested stay." *Papst Licensing GMBH & Co., v. Apple, Inc.*, NO. 6:15-CV-01095-RWS (LEAD), 2017 WL 11638426, at *3 (E.D. Tex. June 16, 2017) (footnote omitted). In Papst, the Court held that any prejudice to the plaintiff resulting from multiple challenges to the PTO was "neither undue nor related to the stay." *Id*.

When the *inter partes* review proceeding was completed on August 12, 2021, Apple immediately filed its petition for *ex parte* reexam, less than one month later. The very next day Apple moved for a stay. As the Honorable Steven I. Locke held in ruling on Apple's prior

7

motion to stay, "Apple has acted expeditiously as to both" the timing of the request for review and the request for a stay. (DE 35 at 5.) Here, the Court again finds that Apple did not delay in filing its petition for *ex parte* reexamination less than one month after the *inter partes* proceedings were completed. "[T]he less time that a party waits to file a motion to stay pending reexamination, the less that the movant's conduct gives rise to an inference that they delay in so doing was impermissibly tactical." *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4 (internal quotation and citation omitted). Dr. Wiesel's reliance on *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, Civ. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) is misplaced. In *Belden*, the request for reexamination was made 17-20 months after the litigation was commenced, and the defendant did not move for a stay until eleven days before trial. Here, Apple initiated patent challenges before the PTO less than one year after being served with the Complaint, immediately commenced the subsequent patent challenge through the *ex parte* reexamination after the *inter partes* proceedings were completed, and moved for a stay the next day. The Court does not find this to be dilatory behavior by Apple and therefore, this factor also weighs in favor of a stay.

    **ii.**     **Status of the Review Proceeding**

As the Court noted in *Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, No. 17-6664-BRM-DEA, 2018 WL 3814280, at *2-3 (D.N.J. Aug. 10, 2018), the district courts are split as to whether filing a motion to stay is premature if a petition is filed with the PTO, but not yet been instituted. Here, The PTO granted Apple's petition for reexamination on October 12, 2021, after the instant motion was fully submitted, and therefore, analyzing whether the motion to stay is premature is moot and the Court need not address the parties' arguments to that point. This factor weighs in favor of a stay.

8

### iii.     The Relationship of the Parties

Plaintiff does not address this sub-factor.  Apple points out that the parties are not competitors, that the '514 patent expired in July of 2021, and that Apple does not sell a product embodying any claim of the '514 patent.  (DE 49-1 at 2, 9; DE 49-8 at 10.)  Additionally, Apple argues that Dr. Wiesel did not seek a preliminary injunction after filing this lawsuit, which arguably reflects that he is not suffering any irreparable harm.  The Court agrees with Apple that a stay would not adversely affect market competition.  *SurfCast, Inc.*, 2014 WL 6388489, at *3 (holding that a stay in a case where parties were not direct competitors was unlikely to be prejudicial, much less cause prejudice that rises to an undue level).  Further, a stay does not diminish the monetary damages that Dr. Wiesel may recover in this lawsuit, "it only delays realization of those damages."  *VirtualAgility Inc.*, 759 F.3d, at 1318.  Thus, the relationship of the parties weighs in favor of granting a stay.

### IV.     CONCLUSION

For the foregoing reasons, the Court finds that the relevant factors weigh in favor of the issuance of a continued stay.  Apple's motion for a stay pending a decision from the PTO on Apple's request for *ex parte* reexamination, is therefore granted.

Dated:  Central Islip, New York
        October 29, 2021

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge